IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Nicole MAGANA,<br><br>    Plaintiff,<br>v.<br><br>AMCOL SYSTEMS, INC, *et al.*,<br><br>    Defendants. | Civil No. 17-11541 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, comes before the Court on Amcol Systems, Inc.'s ("Defendant") Motion to Dismiss (Doc. No. 7) the Complaint (Doc. No. 1) of Nicole Magana ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff has failed to state a claim upon which relief can be granted, Defendant's Motion to Dismiss is **GRANTED**.

I.   **BACKGROUND**

This matter arises out of a debt that Plaintiff allegedly incurred on or before December 6, 2016 to Atlanticare Regional Medical Center. (Compl. at ¶ 15.) This debt, totaling $360.23, (Compl., Ex. A.), was subsequently transferred to Defendant, a debt collection firm located in Columbia, South Carolina. (Compl. at ¶¶ 8 and 21.) On December 6, 2016, Defendant notified Plaintiff of her outstanding financial obligation. (*Id.* at ¶¶ 24-25.) The letter contained Defendant's name, address, and contact information, as well as the outstanding balance owed by Plaintiff. (*Id.*, Ex. A.) Under Defendant's contact information were three paragraphs of text. (*Id.*) The first paragraph of text stated, in pertinent part, "[i]f you need help with this bill, or have questions,

1

please contact our office where a representative is on hand to assist you." (*Id.*) The relevant portions of the second paragraph stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*)

The final paragraph of text contained in the collection notice informs the debtor that they "may qualify for the hospital's financial assistance policy," and provides a phone number for the debtor to call to "request additional information about the policy and application process." (*Id.*)

Plaintiff contends that the text contained in Defendant's letter violates two provisions of the FDCPA by:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692(e)(10); and
(b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. § 1692(g)(a)(3).

(Compl. at ¶ 37.) Plaintiff argues that the collection letter does not make it explicitly clear that a complaint or dispute over the bill must be done in writing, and that as such, the letter violates sections 1692(g)(a)(3) and 1692(e)(10). (*Id.* at ¶¶ 41, 44.) Plaintiff brought this action against Defendant as a state-wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all other New Jersey consumers who were sent similar debt collection letters from Defendant. (*Id.* at ¶ 11).

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d. Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION AND ANALYSIS

Plaintiff alleges Defendant's letter violated two different provisions of the FDCPA. First, Plaintiff argues that Defendant's letter violated § 1692(g)(a) by "failing to effectively inform Plaintiff . . . what he or she must do in order to dispute the alleged debt." (Compl. at ¶ 47.) Second, Plaintiff contends that Defendant's letter violated § 1692(e)(10) by "falsely representing and misleading Plaintiff" into believing that she could dispute her debt by calling a telephone number. (*Id.* at ¶ 48.)

### A. Section 1692(g)

Congress passed the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see also id.* § 1692(a) ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."). One way the FDCPA accomplishes this goal is by requiring that debt collectors convey certain information to debtors concerning their rights, "including their right to seek information about and dispute a debt." *Jewsevskyj v. Financial Recovery Services, Inc.*, 704 Fed. App'x, 145, 147 (2017). Specifically, § 1692(g)(a) of the FDCPA requires that a debt collector include in its correspondence with a debtor, along with other information:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

15 U.S.C. § 1692(g)(a)(3). The purpose of § 1692(g)(a)(3), referred to as the "validation notice," is to "inform the consumer how to obtain verification of the debt, and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353-54 (3d Cir. 2000). In order to comply with § 1692(g), "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the

4

debtor." *Id.* at 354. In other words, the debt collector must inform the debtor of her right to dispute their debt. Because the Third Circuit has interpreted § 1692(g)(a)(3) to require "that any dispute, to be effective, must be in writing," *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991), debt collectors must inform debtors that they may dispute their claims in writing only. The collection activities or communication of the creditor "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt . . . " 15 U.S.C. § 1692(b). Therefore, the notice must effectively convey the writing requirement. A communication contradicts, or does not effectively convey the writing requirement, when "it provides information inconsistent with the consumer's right to dispute the debt." *Wilson*, 225 F.3d at 356. To determine whether notice has been effectively conveyed and whether the writing requirement is clear, or if it has been overshadowed or contradicted, the Court must evaluate the notice from the perspective of the "least sophisticated debtor." *Id.* at 354.

The least sophisticated debtor standard is designed to protect "all consumers, the gullible as well as the shrewd." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). Accordingly, "[t]he least sophisticated debtor standard requires more than 'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Id.* (quoting *Wilson*, 225 F.3d at 354). Nevertheless, the FDCPA prevents liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354-55 (quotations and citations omitted). For example, even the least sophisticated debtor is presumed to have read a collection letter in its entirety. *Caprio v.*

5

*Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013); *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

Plaintiff contends that the language contained in the first paragraph of the collection letter violates § 1692(g)(a)(3) by contradicting or overshadowing the requirement that all disputes be made in writing. Plaintiff disputes the language used in the second sentence, which reads, "[i]f you need help with this bill, or have questions, please contact our office where a representative is on hand to assist you." Plaintiff contends that this text, coupled with the fact that Defendant listed two phone numbers on the top of the collection letter, would be enough to confuse the "least sophisticated debtor." The least sophisticated debtor could, according to Plaintiff, believe she had to submit disputes in writing, or instead that she could simply call the listed numbers to successfully dispute the claims. Because Defendant did not explicitly state what type of "help" or "questions" could be rendered by the on-hand representative, Plaintiff asserts it is just as plausible that the least sophisticated debtor would believe that a dispute regarding a debt could be dealt with over the phone by asking a "question," as it is that such a debtor would know from the language of the letter that disputes must be presented in writing. Thus, Plaintiff contends, the least sophisticated debtor would think herself justified in calling Defendant to successfully dispute a claim. (Pl. Memo. at 9-10.) Therefore, Plaintiff argues, the language of the first paragraph overshadows or contradicts the notice requirement of § 1692(g)(a)(3).

The Court is not convinced by Plaintiff's arguments that the language in the first paragraph of the collection letter overshadows or contradicts the language in the second paragraph to the extent that the least sophisticated debtor would be confused about her rights. The FDCPA requires that debt collectors inform a debtor of her right to dispute the validity of any debt for at least thirty days. 15 U.S.C. § 1692(g)(a)(3). Additionally, the Third Circuit has held that for a dispute to be

valid it must be made in writing. *Graziano*, 950 F.2d at 112. The Court finds that in the Third Circuit, debt collectors are required to inform debtors that a proper dispute of the validity of a debt must be done in writing. Thus, the first question this Court must answer is whether the language of the debt collection letter in the case at hand satisfies the requirement that collectors notify the debtor of the writing requirement to dispute a debt. A plain reading of the disputed paragraph of text is enough to show that Defendant effectively conveyed the writing requirement for disputing a debt. Defendant repeatedly stated that communications must be "in writing," and made no reference to any other form of communication with the office. The paragraph is not perfectly clear about what someone needs to do as a matter of logical necessity to dispute a claim, as each "in writing" clause sets forth merely a sufficient, rather than a necessary, condition. However, the overall message is still apparent, and the paragraph successfully conveys the writing requirement, even from the perspective of the least sophisticated debtor.

Such language appears in debt collection letters as a matter of routine. *See, e.g.*, *Szczurek v. Professional Management Inc.*, 627 Fed. App'x 57 (2015). Although the Third Circuit did not explicitly analyze the exact language now contested, the court in *Szczurek* was faced with a nearly identical debt collection letter.[1] *Id.* at 59. The Third Circuit took no issue with the now-contested

---

[1] The pertinent portion of the letter stated:

> Unless, within 30 days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within 30 days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt, or if the debt is founded upon a judgment, a copy of any such judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days after the receipt of this notice we will provide you with the name and address of the original creditor.

627 Fed. App'x at 59.

language, which, while not dispositive, is telling of the Third Circuit's views regarding the contested language. For these reasons, this Court concludes that the second paragraph of the collection letter effectively conveys the writing requirement for disputing the validity of a debt.

Having determined that the second paragraph meets the Third Circuit's requirement that collectors effectively convey the writing requirement to dispute a debt, the next question the Court must face is whether the opening language of the collection letter overshadowed or contradicted the writing requirement. Plaintiff contends that the first paragraph, which invites a debtor to "please contact" Defendant's office for "help" or "questions," would confuse the least sophisticated debtor as to whether the writing requirement conveyed in the second paragraph was actually a requirement.

The Court notes that the language of the first paragraph would almost certainly be understood by the least sophisticated debtor as an invitation to call the office. The use of the colloquial phrase "on hand" connotes an instantaneous and simultaneous dialogue with another person. The least sophisticated debtor would interpret the "on hand" language, coupled with the fact that Defendant listed two phone numbers under its address, as an invitation to call. However, the question still remains whether an invitation to call the office for "help" or with "questions" would be enough to convince the least sophisticated debtor that she could call to dispute a claim. One must stretch their imagination past the point of discomfort, and past the point of the least sophisticated debtor, to read the phrase "please contact" for "questions" as being equivalent to an invitation to call to dispute, quarrel, or argue over the validity of a claim. The least sophisticated debtor is still presumed to have read the entire notice, *Caprio*, 709 F.3d at 149; even if the debtor were to understand the first paragraph as an invitation to call, it would become obvious upon reading the second paragraph that a dispute as to the validity of a debt is not encompassed by

"questions" in the first paragraph. It would require a "bizarre and idiosyncratic" interpretation of the letter as a whole to conclude that the first paragraph's invitation to call extended to the second paragraph's explicit rules governing a dispute. *Wilson*, 225 F.3d at 354-55. And more to the point, the sufficient conditions set by the letter are the *only* conditions provided by the letter; neither this Court nor the least sophisticated debtor is at liberty to read other conditions into the letter.

While the Court finds the language in the first paragraph to be less than a model of clarity or comprehensiveness, it does not find that it overshadows or contradicts the second paragraph's recitation of the writing requirement, even from the view of the least sophisticated debtor.

The Court also does not find that the third paragraph, whether taken on its own or in conjunction with the first, could be read to overshadow or contradict the writing requirement contained in the second. The final paragraph informs the debtor that she may qualify for the hospital's financial assistance policy, and that if she would like to "request additional information about the policy and application process," the debtor should call the number listed. A court in this District has previously addressed a similar insurance statement contained in a collection notice, concluding that it would not be inconsistent with, or contradict, the writing requirement. *See Cruz v. Financial Recoveries*, 2016 WL 3545322, at *3 (D.N.J. June 28, 2016) (holding that including a number for debtors to call to enter their insurance information would not contradict the writing requirement of § 1692(g)). The Third Circuit was confronted with a similar insurance-related clause in the *Szczurek* case. In *Szczurek*, the letter informed the debtor that "[i]f this debt is for medical services and you have insurance that may pay all or a portion of this debt," that the debtor could submit the information over the phone to the collection agency. *Szczurek*, 627 Fed. App'x at 59. The Third Circuit apparently found this insurance clause unremarkable, lending support to

9

the idea that that such language does not impermissibly contradict or overshadow the writing requirement.

For the reasons stated above, the Court finds that Defendant's collection letter sufficiently meets the Third Circuit's requirement that Defendant inform Plaintiff of the writing requirement for disputes, and that the language contained in the remainder of the letter neither overshadowed nor contradicted the writing requirement. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted under § 1692(g)(a)(3),

**B.     Section 1692(e)**

Because Plaintiff cannot prevail on her claim under § 1692(g)(a)(3), Plaintiff likewise cannot succeed under § 1692(e)(10). The FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10). "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008) (citing *Brown,* 464 F.3d at 455 (internal quotation marks and citation omitted)). However, "when language is upheld pursuant to Section 1692(g), that analysis is usually dispositive for Section 1692(e)." *Cruz v. Financial Recoveries*, No. 15-0753, 2016 WL 3545322, at *4. *See also Caprio*, 709 F.3d at 155 ("Because we have concluded that the District Court committed reversible error by granting judgment on the pleadings as to the § 1692(g) claim, we must reach the same conclusion with respect to the claim brought under § 1692(e)(10)."). Even if the Court were to find that the § 1692(g)(a)(3) was not dispositive for the § 1692(e)(10) analysis, the letter in the case at hand is neither false nor deceptive because the disputed language cannot be "reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau*, 539 F.3d at 222. As previously discussed, the language Defendant

utilized, although perhaps less than a model of clarity, could not be read to invite a phone call to dispute a debt. The second paragraph clearly and concisely laid out the requirements for making a dispute, and neither the language of the first paragraph, nor the last paragraph, could be understood as creating a second, alternative meaning upon which a debtor could rely.

In making its § 1692(e)(10) argument, Plaintiff relies on the same language contained in the first paragraph of the collection letter that it relied on in its § 1692(g)(a)(3) argument. Thus, this Court "must reach the same conclusion with respect to the claim brought under § 1692(e)(10)." *Caprio*, 709 F.3d at 155. Plaintiff has failed to argue any additional grounds with respect to its § 1692(e)(10) claim, and the disputed language is neither false nor deceptive. As such, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

### C. Class Action under Rule 23

Because Plaintiff has failed to state a claim upon which relief can be granted, this Court need not address the merits of Plaintiff's Rule 23 arguments.

### IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted. Defendant's Motion to Dismiss Plaintiff's FDCPA claim is **GRANTED**. An appropriate order shall issue.

Dated: 06/06/2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge